UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD FRANK OLIVER | CIVIL ACTION |
| VERSUS | NO. 14-2482 |
| SHERIFF OF ORLEANS MARLIN GUSMAN ET AL. | SECTION "S"(2) |

**FINDINGS AND RECOMMENDATION**

Plaintiff, Donald Frank Oliver, filed the captioned suit pursuant to 42 U.S.C. § 1983 alleging that he was exposed to unsafe and dangerous living conditions within the Orleans Parish Prison ("OPP"). He seeks an order requiring Orleans Parish Sheriff Marlin Gusman to correct the conditions. Record Doc. No. 1, Complaint, at ¶¶ IV, V.

By notice dated October 29, 2014, Record Doc. No. 2, the Clerk of Court required plaintiff to submit a filing fee or a completed pauper application within 21 days of the date of the notice. The record indicates that the Clerk mailed this notice to plaintiff at the OPP address he provided on his complaint. This notice was returned to the court in the mail marked undeliverable. Record Doc. No. 3.

After determining that plaintiff had been transferred to the Catahoula Correctional Center in Harrisonburg, Louisiana, the Clerk sent Oliver a second notice dated November 21, 2014, Record Doc. No. 4, which required that he submit a filing fee or completed pauper application within 21 days of that notice. This notice has not been returned to the court in the mail, and no response from plaintiff has been received.

Oliver also has failed to notify the court that his address has changed, including his initial transfer from OPP to Catahoula Correctional Center. All litigants are obligated to keep the court advised of any address change. Local Rules 11.1 and 41.3.1. In addition, the complaint form used by plaintiff to institute this action contains the following declaration dated October 18, 2014, and signed by plaintiff: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." Record Doc. No. 1, Complaint at ¶ VI.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Hulsey v. Texas, 929 F.2d 168, 171 (5th Cir. 1991); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 749 (5th Cir. 1987). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989); Price v. McGlathery, 792 F.2d 472, 474-75 (5th Cir. 1986). Since the plaintiff is proceeding in this case in proper person, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A pro se litigant is not exempt

from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); Edwards v. Harris County Sheriff's Office, 864 F. Supp. 633, 637 (S.D. Tex. 1994). A pro se litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance. Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988); Birl, 660 F.2d at 593.

"[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." Lewis v. Hardy, 248 F. App'x 589, 2007 WL 2809969, at *4 n. 1 (5th Cir. 2007).

The court has attempted through its notices to have plaintiff provide the information necessary to prosecute his case. Plaintiff's failure to respond to the notices clearly reflects a failure on his part to prosecute. This record of repeated failures to comply with the clerk of court's requests and the rules of this court establishes a clear record of continuing delay or contumacious conduct, including the aggravating factor that it has been caused by and is exclusively attributable to plaintiff himself, justifying dismissal. See Torns v. State of Miss. Dept. of Corrections, 262 F. App'x 638, 639 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 F. App'x 402, 404-05 (5th Cir. 2008); Aucoin v. K-Mart, 943 F.2d 6, 8-9 (5th Cir. 1991) (upholding trial

court's dismissal for failure to prosecute the slip-and-fall case of a plaintiff who failed to appear as ordered for a status conference).

In an effort to afford plaintiff one final opportunity to respond, I have issued these findings and recommendation to the presiding United States District Judge. Plaintiff is advised that he may object to the magistrate judge's proposed findings and recommendation within fourteen (14) days from the date of service of this report. Plaintiff is advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit. It is suggested to plaintiff that his objection should contain a short summary of the reasons that he failed to comply with the notice of deficiency. It is further suggested that he should also provide the court with the information requested in the notice of deficiency as detailed above.

Oliver is advised that failure to file written objections to the magistrate judge's findings and recommendation may and probably will result in dismissal of his suit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

## RECOMMENDATION

**IT IS RECOMMENDED** that, if the plaintiff, Donald Frank Oliver, does not file written objections to these findings and recommendation, his complaint be dismissed with prejudice for failure to prosecute.

New Orleans, Louisiana, this ___15th___ day of January, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.